UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DALE FORD, *et al.*,

                    Plaintiffs,

   -against-                                   1:19-CV-0249 (LEK/DJS)

SAINT-GOBAIN PERFORMANCE
PLASTICS CORP., *et al.*,

                      Defendants.

## **DECISION AND ORDER**

**I.    INTRODUCTION**

Presently before the Court is Defendants'[1] motion for an order to show cause as to why the Court should not dismiss Plaintiffs'[2] action under Federal Rules of Civil Procedure 41(b) and 37(b)(2) for failure to prosecute. Dkt. Nos. 34 ("Motion"); 34-1 ("Franciscovich Declaration") 34-3 ("Defendants' Memorandum").

For the reasons set forth below, the Court grants Defendants' Motion.

**II.    PROCEDURAL HISTORY**

Plaintiffs commenced this action on February 19, 2019. Dkt. No. 1 ("Complaint"). On June 17, 2019, United States Magistrate Judge Daniel J. Stewart entered a case management and scheduling order governing discovery in several cases covering the release of perfluorooctanoic

---

[1] Saint-Gobain Performance Plastics Corp., Honeywell International, Inc., E.I. Dupont de Nemours & Company, and 3M Co. (collectively, "Defendants").

[2] Dale Ford, Linda Ford, Kenneth Dortch, Tiffany Bacon, Robert Holovach, and Tracy Holovach (collectively, "Plaintiffs").

acid ("PFOA") into the Village of Hoosick Falls's water supply, including Plaintiffs' action.[3] No. 19-MC-18, Dkt. No. 2 ("First Global CMO"). The First Global CMO requires all plaintiffs who brought individual cases against Defendants and who had not already responded to interrogatories and requests for production to have provided Defendants a completed "Plaintiff Facts Sheet" ("PFS") by October 29, 2019.[4] First Global CMO at 3. Prior to the October 29 deadline, Magistrate Judge Stewart entered a separate case management order to specifically "govern the form[] and procedure for the completion and service of" the PFSs. No. 19-MC-18, Dkt. No. 11 ("PFS Order") at 1. The PFS Order required Plaintiffs to "[c]omplete and sign a verified/sworn PFS" by October 29, 2019. See id. It also provides at mechanism for Defendants to apply for an order to show cause as to why a plaintiffs' case should not be dismissed for failure to prosecute if the plaintiff failed to submit his or her PFS by the October 29 deadline:

> **Notice of Delinquent PFS:** If any Defendant(s) believes that a particular PFS is past due under this Order, Defendant(s) shall send written notice via email, allowing such Plaintiff an additional fourteen (14) days to serve a PFS that is substantially complete in all respects. Upon receipt of such notice, counsel for the subject Plaintiff shall promptly confer with counsel for Defendant(s), and state the reason for the failure to provide the PFS. If a completed and verified PFS is not served within the fourteen (14) days following written notice via email, Defendants may apply to the Court for an Order to

---

[3] Case management and scheduling orders affecting those cases are docketed at In Re: Hoosick Falls PFOA Cases, No. 19-MC-18.

[4] The Court observes that at least fifty percent of plaintiffs in the individual cases were to have completed a rolling production of their PFSs by September 16, 2019, while the remaining fifty percent were to have completed their rolling productions by October 29, 2019. Id. at 8. Defendants' briefing does not clarify and the Court is unable to separately determine whether Plaintiffs were required to submit their PFSs by the earlier or the latter deadline. Thus, for the purposes of deciding the Motion, the Court will assume Plaintiffs were beholden to the October 29 deadline.

> Show Cause why the case should not be dismissed for failure to prosecute.

Id. at 3. Finally, the PFS Order provides a procedure if a plaintiff submits his or her PFS, but does not verify it:

> **PFS Deficiency Dispute Resolution:** If any Defendant(s) disputes the sufficiency of any response(s) in a PFS or that the PFS as a whole is substantially complete, counsel for Defendant(s) shall notify the Plaintiff's counsel (or counsel's designee) in writing of the purported deficiency(ies) via email allowing such Plaintiff an additional ten (10) days to correct the alleged deficiency(ies) . . . . Should the subject Plaintiff fail to cure the stated deficiency(ies) . . . within ten (10) days of such notice, counsel for Defendant(s) may request a meet and confer on any outstanding issues within seven (7) days and if any issues remain unresolved, Defendant(s) may apply to the Court for resolution.

Id.

On October 30, 2019, Defendants' counsel notified Plaintiffs' counsel that Defendants had not received any of the required PFSs from Plaintiffs. Franciscovich Decl., Ex. A ("October 30, 2019 Email"). On November 22, 2019, Defendants' attorney notified Plaintiffs' counsel that Defendants had still not received any PFSs from any of the Plaintiffs except Bacon and Dortch. Franciscovich Decl., Ex. B ("November 22, 2019 Letter") at 1–3. Defendants' counsel noted that, although Bacon and Dortch had submitted their PFFs, they had failed to verify them. Id. On December 5, 2019 and December 11, 2019, Defendants' counsel again requested Plaintiffs submit complete, verified PFSs. Franciscovich Decl., Exs. C ("December 5, 2019 Letter") at 1–2; D ("December 11, 2019 Letter") at 1–3.

On December 12, 2019, Plaintiffs' counsel responded to Defendants multiple missives. Franciscovich Decl., Ex. E ("December 12, 2019 Letter"). Plaintiffs' attorney stated "[o]ur office

has made several unsuccessful attempts to contact" Dale Ford and Dortch and that they were still trying to secure their PFSs. Id. at 3–4. For Bacon and Robert Holovach, counsel promised to provide verified PFSs by December 20, 2019. Id. at 3–4. For Tracey Holovach, counsel observed, "Our office is in the process of obtaining the completed PFS and authorizations. When we receive the signed documents from the client, we will promptly serve them." Id. at 3. Finally, Plaintiffs' attorney observed that Linda Ford no longer "wishe[d] to pursue her claims. Our office intends on filing a notice of voluntary dismissal." Id.

Finding that all the plaintiffs in the individual cases would benefit from additional time to submit missing PFSs or address deficiencies in their PFSs, on January 6, 2020, Magistrate Judge Stewart gave those plaintiffs until February 1, 2020 to submit complete, verified PFSs. No. 19-MC-18, Dkt. No. 19 ("Amended Global CMO") at 2–3.

On January 17, 2020, Defendants' counsel emailed Plaintiffs' attorney requesting verified copies of Bacon's and Robert Holovach's PFSs, which Plaintiffs' counsel had failed to submit on December 20, 2019, as promised. Franciscovich Decl., Ex. F ("January 17, 2020 Email"). Defendants' attorney also provided Plaintiffs' counsel with a draft stipulation for Linda Ford's dismissal from the case. Id. Finally, Defendants' counsel observed that Defendants would move for an order to show cause as to why the Court should not dismiss Dale Ford, Robert Holovach, and Tracey Holovachs' claims for failure to prosecute if Plaintiffs' attorney did not submit completed, verified PFSs for them by February 1, 2020. Id. Plaintiffs' counsel failed to comply with the February 1 deadline, and on February 3, 2020, Defendants' counsel emailed Plaintiffs' attorney notifying them to this effect. Franciscovich Decl., Ex. G ("February 3, 2020 Email"). Plaintiffs' attorney has not responded to the January 17, 2020 Email and February 3, 2020 Email.

4

## III. LEGAL STANDARD

Rule 41(b) provides a court with discretion to dismiss an action for a plaintiff's failure to prosecute his or her case. Fed. R. Civ. P. 41(b); see also Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962). Similarly, Rule 37(b)(2) authorizes a court to dismiss an action "[i]f a party . . . fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2). "The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link, 370 U.S. at 629–30; see also Freeman v. Lundrigan, No. 95-CV-1190, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) ("This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases.").

Courts in this circuit consider five factors when determining whether to dismiss a case under Rules 41(b) and 37(b)(2):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (considering these factors in a case brought pursuant to Rule 41(b)); see also Colozzi v. St. Joseph's Hosp. Ctr., No. 08-CV-1220, 2010 WL 3433997, at *3 (N.D.N.Y. July 20, 2010) (considering these factors in an action brought under Rule 37(b)(2)).

**IV.    DISCUSSION**

To date, Defendants have not received completed, verified PFSs for any of the Plaintiffs. Furthermore, the Court concludes that Defendants have abided by the procedures outlined in the PFS Order for notifying Plaintiffs of their failure to timely submit completed and verified PFSs. Thus, Plaintiffs are ordered to show cause as to why the Court should not dismiss Plaintiffs' action under Rules 41(b) and 37(b) for failure to prosecute.

**V.    CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion (Dkt. No. 34) is **GRANTED**; and it is further

**ORDERED**, that Plaintiffs must show cause within **fourteen days** of the date of this Decision and Order as to why the Court should not dismiss Plaintiffs' action under Rules 41(b) and 37(b) for failure to prosecute. The Court will only consider a response from Plaintiffs in written form. No oral arguments will be entertained; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    February 20, 2020
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge